989 F.2d 504
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Bryon BRITTON, Appellant,
v.
Bill ARMONTROUT; Michael Groose; Myrna E. Trickey; R. Dale
Riley; Richard K. Bowers; David Hull; Robert
Acree; Gerald Bommel, Appellees.
 No. 92-2495.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 9, 1993.
Filed: February 26, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bryon Britton, a Missouri inmate housed at Jefferson City Correctional Center (JCCC), appeals from the District Court's[1] order granting defendants summary judgment in his 42 U.S.C. § 1983 (1988) action. We affirm.
 
 
 2
 Britton claimed that he was subjected to cruel and unusual punishment in 1990 and 1991 when he was exposed to tuberculosis at JCCC and was forced either to take medication or to be segregated from the prison community following a "high" test reading. He alleged that the medication he ingested caused dizziness and exhaustion and affected his kidneys, and he was not forewarned of the side effects of the drugs. Britton further alleged that defendants knew tuberculosis was present in inmates in the prison in 1985, when one inmate allegedly died of the infection. He sought distribution of a list of all side effects of the medication to each inmate receiving it, injunctive relief giving him the right to refuse medication without fear of retaliation, and actual and punitive damages from each defendant. In an amended complaint filed with leave of court, Britton named additional defendants and alleged that officials retaliated against him for filing this and other lawsuits by confiscating and destroying legal papers and by transferring him to another part of the prison. The District Court followed the magistrate judge's recommendation and granted summary judgment for defendants.
 
 
 3
 The District Court did not abuse its discretion when it granted defendants' summary judgment without ruling on Britton's motion for a continuance. See United States v. Reeves, 730 F.2d 1189, 1193 (8th Cir. 1984) (standard of review). Britton claims he needed a continuance because his paralegal, who was in lockdown, had possession of his legal papers. At that time, Britton had already twice responded to defendants' summary judgment motion without presenting any evidence in support of his claims and without asserting that he lacked access to documents in his paralegal's possession. Even if Britton could have obtained and provided the documents he claims he needed, it is unlikely such evidence would have contradicted his own deposition. The District Court's rulings were based on Britton's own damaging testimony.
 
 
 4
 There is no merit to Britton's argument that the magistrate judge should have recused himself on the grounds that the judge was prejudiced against Britton. To demonstrate personal bias, prejudice, or questionable impartiality on the part of a judge that warrants recusal, a party must file a legally sufficient affidavit that alleges bias or prejudice arising from an extrajudicial source. United States v. Grinnell Corp., 384 U.S. 563, 583 (1966); United States v. Faul, 748 F.2d 1204, 1210 (8th Cir. 1984), cert. denied, 472 U.S. 1027 (1985). Britton did not file an affidavit alleging any extrajudicial bias or prejudicial behavior, or questioning the impartiality of the Magistrate Judge.
 
 
 5
 Finally, Britton asks us to determine whether the medical agreement he signed created a liberty interest. Britton did not amend his complaint to include this claim; he did not raise the argument until he filed his objections to the Magistrate Judge's report and recommendation. Therefore, the claim was not properly before the District Court, and we do not consider it. We have not reviewed the documents Britton submitted for the first time in his reply brief. See Fed. R. App. P. 10(a).
 
 
 6
 Accordingly, we affirm the decision of the District Court.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri